Jill LANSDALE, Plaintiff–Appellant,

v.

HI–HEALTH SUPERMART CORPORATION, Defendant–Appellee.

Jill Lansdale, Plaintiff–Appellee,

v.

Hi–Health Supermart Corporation, Defendant–Appellant.

Nos. 01–16017, 01–16018.
D.C. No. CV–97–02555–RGS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2002.

Decided Dec. 19, 2002.

Before STAPLETON,*
O'SCANNLAIN, and FERNANDEZ,
Circuit Judges.

### MEMORANDUM**

Hi–Health Supermart Corp. appeals the judgment entered against it for discriminating against Jill Lansdale on account of her gender. *See* 42 U.S.C. § 2000e–2(a) (Title VII). Lansdale appeals the grant of a partial summary judgment against her, and the denial of attorney's fees.[1] We affirm.

■ (1) Hi–Health first asserts that it is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 50. It asserts that the barrage of gender denigrating comments that issued from its owner and president, Simon Chalpin, was not sufficient to allow a jury to find that Lansdale's working environment was hostile in the Title VII sense. We disagree. From the evidence submitted, the jury could, indeed, determine that Chalpin's repeated statements were severe and pervasive enough to alter the conditions of Lansdale's employment and render the environment hostile and abusive. *See Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21–22, 114 S.Ct. 367, 370–71, 126 L.Ed.2d 295 (1993); *Ray v. Henderson,* 217 F.3d 1234, 1245 (9th Cir. 2000); *Fuller v. City of Oakland,* 47 F.3d 1522, 1527 (9th Cir.1995); *Steiner v. Showboat Operating Co.,* 25 F.3d 1459, 1463 (9th Cir.1994). Certainly a jury could decide that a reasonable woman would find it so.[2] Lansdale did.

■ (2) Hi–Health also asserts that it is entitled to a new trial because the district court erred in a number of ways. *See* Fed.R.Civ.P. 59. The first way it points to is in the seating of the jury. The district court granted Lansdale's motion pursuant to *Batson v. Kentucky,* 476 U.S. 79, 89, 106 S.Ct. 1712, 1719, 90 L.Ed.2d 69 (1986), and, thus, refused to allow Hi–Health to exercise a preemptory challenge against one woman juror, although it did allow challenges to two other women jurors. Hi–Health did offer its "neutral" explanation for the challenge. Even though the explanation was plausible, the district court did not have to accept it. Here it chose not to do so. *See Purkett v. Elem,* 514 U.S. 765, 767–68, 115 S.Ct. 1769, 1771, 131 L.Ed.2d 834 (1995); *Hernandez v. New York,* 500 U.S. 352, 361–64, 111 S.Ct. 1859, 1867–69, 114 L.Ed.2d 395 (1991); *McClain v. Prunty,* 217 F.3d 1209, 1220–21 (9th Cir.2000). We owe the district court a great deal of deference. *See United States v. Collins,* 90 F.3d 1420, 1430 (9th Cir.1996); *United States v. Lorenzo,* 995 F.2d 1448, 1455 (9th Cir.1993). We are unable to say that it abused its discretion here.

■ Hi–Health also seeks a new trial on a myriad of other grounds. It suggests that the issue of punitive damages should not have gone to the jury because it could not be said that Chalpin acted with malice or with reckless indifference to Lansdale's Title VII rights. *See* 42 U.S.C.

---

* The Honorable Walter K. Stapleton, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Lansdale also asserts that the limitation on damages in 42 U.S.C. § 1981 a is unconstitutional. We address that issue in a published opinion filed this date.

2. *See Ellison v. Brady,* 924 F.2d 872, 879–80 (9th Cir.1991).

§ 1981a(b)(1); *Kolstad v. American Dental Ass'n,* 527 U.S. 526, 535–36, 119 S.Ct. 2118, 2124–25, 144 L.Ed.2d 494 (1999); *Passantino v. Johnson & Johnson Consumer Prods., Inc.,* 212 F.3d 493, 515 (9th Cir.2000). We disagree. The jury could find that Chalpin was well aware of the fact that under Title VII he could not discriminate against a woman on account of her gender, and that his claim that he could nevertheless belittle and denigrate women on that basis was recklessly indifferent to his legal obligations. His assertion that there is something novel in the concept that humiliating and verbally abusing women on account of their gender violates Title VII is not even minimally persuasive. *See Steiner,* 25 F.3d at 1463; *see also Smith v. First Union Nat'l Bank,* 202 F.3d 234, 242 (4th Cir.2000); *Gross v. Burggraf Constr. Co.,* 53 F.3d 1531, 1537, 1539 (10th Cir.1995); *Lipsett v. Univ. of Puerto Rico,* 864 F.2d 881, 905 (1st Cir. 1988).

■ Also, we see no reversible error in the district court's admission of certain other acts against women other than Lansdale. Those acts were relevant to show Chalpin's pattern of conduct, which created an abusive atmosphere as to women in general, and his at least reckless indifference to his effect upon them. *See Heyne v. Caruso,* 69 F.3d 1475, 1479–80 (9th Cir. 1995); *see also Tennison v. Circus Circus Enters., Inc.,* 244 F.3d 684, 689 n. 3 (9th Cir.2001); *Passantino,* 212 F.3d at 516. Admission of the evidence was within the district court's discretion.[3] *See Tennison,* 244 F.3d at 688.

Likewise, the district court did not abuse its discretion when it denied a new trial based upon misconduct by Lansdale's attorney. *See Kehr v. Smith Barney,* *Harris Upham & Co.,* 736 F.2d 1283, 1286 (9th Cir.1984).

■ (3) Lansdale appeals the grant of a summary judgment against her on her claim of retaliation. However, we agree with the district court that she did not place that claim before the Equal Employment Opportunity Commission, and, therefore, cannot pursue it here. *See Brown v. Puget Sound Elec. Apprenticeship & Training Trust,* 732 F.2d 726, 729–30 (9th Cir.1984); *see also Haugerud v. Amery Sch. Dist.,* 259 F.3d 678, 689 (7th Cir.2001). Of course, we are cognizant of the fact that a claim which is sufficiently related to the claim filed may be considered by us. *See EEOC v. Farmer Bros. Co.,* 31 F.3d 891, 899 (9th Cir.1994); *Green v. Los Angeles County Superintendent of Sch.,* 883 F.2d 1472, 1475–76 (9th Cir.1989). We agree with the district court that Lansdale's retaliation claim is not in that category. In any event, we also agree that she did not submit sufficient evidence of retaliation to enable her to avoid summary judgment. *See Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 273–74, 121 S.Ct. 1508, 1511, 149 L.Ed.2d 509 (2001); *Cohen v. Fred Meyer, Inc.,* 686 F.2d 793, 796 (9th Cir. 1982).

■ (4) Lansdale's final argument is that the district court abused its discretion when it denied her attorney's fees because she failed to file her motion therefor in a timely fashion, that is within 14 days after entry of judgment. We disagree. Lansdale violated both national and local rules of civil procedure. *See* Fed.R.Civ.P. 54(d)(2)(B); Dist. of Ariz. Loc. R. of Prac. 2.20; *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 889–90 (9th Cir.2000).

---

3. In addition, given all of the circumstances, the district court did not abuse its discretion when it allowed testimony by a witness who had not previously been disclosed. *See Bunch v. United States,* 680 F.2d 1271, 1280 (9th Cir.1982).

That was a sufficient reason to deny the fee motion. *Id.*

AFFIRMED. The parties shall bear their own costs on appeal.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Robert E. Cowen, Senior Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.